Richard P. Flaum, Esq.
Attorney ID No.: 016861986 ~ RPF:eas EBES114
**DIFRANCESCO, BATEMAN, KUNZMAN,**
**DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, NJ 07059-5686
(908) 757-7800
Attorneys for Plaintiff, Elizabeth City Board of Education

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH CITY BOARD OF EDUCATION, | CIVIL ACTION NO: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| M.G. on behalf of E.K., | |
| Defendant. | |

Plaintiff Elizabeth Board of Education ("Plaintiff" or the "District") by way of Complaint says:

## INTRODUCTION

1. Plaintiff hereby appeals the decision of the Honorable Susana E. Guerrero, Administrative Law Judge, State of New Jersey, issued on June 7, 2021 in conjunction with the matter M.G. on behalf of E.K. v. Elizabeth Board of Education, OAL Dkts. EDS 15882-19 and EDS 15886-19.

## JURISDICTION AND VENUE

2. This Complaint seeks relief associated with a decision by the Court under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Section 1400 *et seq*., the New Jersey Special Education Act, N.J.S.A. 18A: 46-1 *et seq*., and § 504 of the Rehabilitation Act, and other controlling federal and state regulations.

1

3. Jurisdiction is based on 28 U.S.C. Section 1331, Section 1343 (a)(1) and (3), and 20 U.S.C. Section 1415(i)(2)(A).

4. This court has personal jurisdiction over the Defendant as the Defendant is domiciled in Elizabeth, New Jersey.

5. Venue is proper in the District Court of New Jersey as per 28 U.S.C. Section 1391, as the matter and issue arise in this District and all of the parties reside in this District.

6. This claim arises out of a federal question as this matter is governed by the IDEA, 20 U.S.C. Section 1400 *et seq.* and § 504 of the Rehabilitation Act.

## THE PARTIES

7. At all relevant times, Defendants have resided in Elizabeth, County of Union, and State of New Jersey.

8. The District operates its offices at 500 N. Broad Street, Elizabeth, New Jersey 07208.

## STATEMENT OF FACTS

9. A.K. is a sixteen-year-old biological female, who identifies as a male, and is enrolled in the District at Thomas Jefferson Arts Academy (hereinafter "Jefferson Arts").

10. A.K. is not eligible for special education and related services as a result of several evaluations and assessments conducted in 2018 and 2019.

11. In April of 2018, the District developed and approved an initial 504 Plan for A.K. to address and accommodate his disabilities. The 504 Plan was amended on October 29, 2018, after Defendant expressed concerns with A.K.'s school attendance.

12. On December 19, 2018, an identification and evaluation planning meeting took place and the parties agreed that an evaluation of A.K. was warranted to determine if his disability adversely interfered with his educational performance.

13. The District determined A.K.'s areas of suspected disability were "Autistic" and "Emotionally Disturbed" and proposed A.K. submit to the following assessments: Educational Evaluation, Psychological Evaluation, Social History, and Speech/Language Evaluation. On January 9, 2019, the District approved home instruction for A.K. "while on a modified school schedule pending CST evaluation."

14. The District completed the above referenced evaluations at school and an eligibility determination meeting was held on March 26, 2019.

15. The Child Study Team (hereinafter "CST") concluded A.K. was not eligible for special education and related services as he did not present difficulties which might have an impact on his educational performance. The CST determined A.K.'s specific needs could be addressed and accommodated with a 504 plan, in-school counseling, Youth Enrichment Services, and a modified class schedule. Plaintiff also accommodated A.K. and provided home instruction for the remainder of the 2018-2019 academic year.

16. In April 2019, Defendant filed a request for mediation with the Office of Special Education Programs. Defendant withdrew the request on May 14, 2019.

17. On June 24, 2019 and July 8, 2019, a psychiatric evaluation was conducted by Dr. Ellen M. Platt. On August 27, 2019, A.K.'s 504 plan was again updated.

18. At the beginning of the 2019-20 school year, A.K. attended school, with 504 accommodations and supports. However, A.K. abruptly stopped coming to school and Defendant subsequently requested home instruction. Plaintiff offered A.K. alternative High schools to

attend, provided a modified home instruction schedule, and also offered a modified school schedule in order to transition A.K. back to school

19. A.K.'s 504 Team diligently reviewed and discussed all of A.K.'s evaluation reports and prior unsuccessful history with home instruction and believed that home instruction was an inappropriate, ineffective, and most restrictive placement for A.K.

20. Defendant disagreed and filed its Due Process Petition on October 10, 2019. Shortly thereafter, the District filed a Cross-Petition for Due Process in response to Defendant's request for independent evaluations.

21. On or about October 17, 2019, Defendant filed an emergent application for interim home instruction for A.K. The Honorable Julio C. Morejon, ALJ, granted Defendant's application on October 24, 2019 and ordered the District to provide A.K. with a modified school schedule and to initiate a home instruction plan.

22. Notably, Judge Morejon also directed Defendant and A.K. to "cooperate with the District in the home instruction program." Defendants refused to cooperate with Plaintiff in connection with creating and implementing a modified schedule. In addition A.K. decided he was not going to school and did not attend.

23. Defendant failed to attend school in accordance with any of the District's proposed modified schedules and had inconsistent attendance with home instruction.

24. The parent, M.G., filed on behalf of E.K. a request for a due process hearing on or around October 10, 2019, which was transmitted to the Office of Administrative Law (OAL), where it was filed on November 8, 2019 under OAL Dkt. No. EDS 15882-19. The Board then filed a due process petition on or around October 22, 2019, seeking an order denying a parental request for independent educational evaluations. The Board's petition was transmitted to the

OAL, where it was filed on November 8, 2019 under OAL Dkt. No. EDS 15886-19. The Board moved to consolidate both petitions. The parent filed an opposition to the motion to consolidate, as well as a cross-motion for an independent evaluation, which the Board then opposed. By order dated January 22, 2020, the court ordered the consolidation of OAL Dkt. Nos. EDS 15882-19 and EDS 15886-19; and denied the parent's cross-motion.

25.     Ultimately a hearing took place over the course of four days: October 9, 16, 24 and December 7, 2020. The hearing was held via Zoom as in-person hearings were still not being conducted at the OAL. The parties filed post-hearing briefs on April 22, 2021, at which time the record closed.

26.     Following submission of post closing briefs the court rendered its' opinion and found that the District failed to offer E.K. a/k/a A.K. a Free Appropriate Public Education (FAPE) beginning in March 2019 continuing through the present, despite the pandemic and despite the fact that offer E.K. a/k/a A.K. refused all accommodations associated with virtual instruction. More specifically E.K. a/k/a A.K. did not attend any instruction virtual or otherwise during the 2020-2021 academic year.

27.     The court inexpicably and without evidence found:

a)    That Plaintiff's expert Dr. Salzman opined that E.K. a/k/a A.K. required an out of district placement when there was no such testimony in the record.

b)    Salzman did not make any opinions/recommendations relating to an out of district placement. She actually testified the district might be able to accommodate E.K. There was no testimony concerning an out of district placement

      c)      That E.K. a/k/a A.K. should be classified despite no testimony concerning E.K.'s need for a modified curriculum.

      d)      That E.K. a/k/a A.K. required an out of district placement based on the District not timely classifying E.K. a/k/a A.K.

      e)      Did not analyze the evaluations provided by the completed by the District that were admitted into evidence. The Court essentially ignored those evaluations and found them lacking without any analysis.

      f)      That the 504 plans that were specifically tailored to address his attendance issues and anxiety and were somehow found to be appropriate for 17-18 and most of 18-19 but not after March 2019.

      g)      That the District's speech evaluation entered into evidence was insufficient and that an independent speech evaluation was required. This finding was made without any expert testimony from any expert or any other witness on behalf of the parents.

      h)      That an OT evaluation was required despite no testimony from either party regarding OT.

28.      With respect to whether FAPE was provided through the District's 504 plan the court found that the 504 plan that was provided in the 2018-2019 academic year was appropriate through the eligibility meeting in March 2019, however, thereafter primarily because E.K. a/k/a A.K. was not classified FAPE was denied. This finding was made despite the fact that the testimony revealed beginning sometime during the latter part of the first marking period of the 2019–2020 school year, E.K. began to receive home instruction at the local public library. Ovies Guadalupe (Guadalupe) provided home instruction for two hours per day. She testified credibly

6

that E.K. was initially very compliant with doing the assigned work, but that E.K. often failed to complete homework. Guadalupe informed M.G. that some homework was not being completed. She testified credibly that E.K. showed no difficulty with the concepts of the curriculum and that E.K. never expressed any concerns about the amount of work to complete. E.K. simply told Guadalupe that she did not have time to complete the homework.

That school year, E.K. continued to attend the LGBTQ program in Newark, that he would travel to nearly every day by bus. From January to March, E.K.'s home instruction attendance was very sporadic, but he continued to attend that Newark program and was even scheduled to travel to China through the Big Brothers Big Sister program. E.K. also volunteered at the public library, and requested working papers from the District to be able to secure a job at the public library. When the District denied the request for working papers (because E.K. had not been attending school through the modified curriculum), E.K. stopped attending home instruction.

In early 2020, the District continued to work with M.G. to have E.K. attend at least one or two in-person classes at one of the District schools. The District proposed classes in two other District schools but M.G. felt that one was too far and the other she did not feel comfortable with due to what she perceived to be gang activity.

29. There was no testimony offered by defendants that modified curriculum was appropriate or necessary. The court, despite the fact that no testimony was provided that contradicted the reports and the testimony provided by plaintiff found that E.K. a/k/a A.K. was eligible for special education and related services pursuant to N.J.A.C. 6A:14-1 et seq. and U.S.C.A. § 1400 et seq. *Individuals with Disabilities Act* Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 20 U.S.C. § 794, *et seq.*, and 34 C.F.R. § 104, *et seq.*

## COUNT I

**U.S.C.A. § 1400 et seq.** ***Individuals with Disabilities Act* Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 20 U.S.C. § 794,** *et seq.***, and 34 C.F.R. § 104,** *et seq.*

30. Plaintiff repeats and realleges Paragraphs 1-29 as if set forth herein at length.

31. The District provided E.K. a/k/a A.K. with a FAPE in accordance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400, *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 20 U.S.C. § 794, *et seq.*, and 34 C.F.R. § 104, *et seq.*,

32. The District provided FAPE through a 504 plan for the academic years 2017-2018, 2018-2019, 2019-2020 and 2020-2021.

33. The Court improperly found that FAPE was not provided.

34. The Court improperly found that E.K. a/k/a A.K. should have been classified.

35. The Court found that E.K. a/k/a A.K. should be placed out of District without the benefit of any testimony opining that an out of District placement was appropriate.

36. The Court ordered and independent speech evaluation without the benefit of any expert testimony that an independent speech evaluation was required.

**WHEREFORE,** Plaintiff respectfully request the entry of judgment in Plaintiff's favor and the following relief:

(a) An order reversing Judge Guerrero's decision;

(b) A determination that Plaintiff has offered a Free and Appropriate Public Education to Defendant A.K. for the period 2017-present;

(c) A determination that Defendant is not entitled to an award of compensatory education or any further relief from Plaintiff;

(d) A determination that an out of District placement is not appropriate;

(e) A determination that independent evaluations are not warranted;

(f) Awarding such other relief as is equitable and just.

                        Respectfully submitted,

                        Richard P. Flaum Esq.

**DiFRANCESCO, BATEMAN, KUNZMAN, DAVIS, LEHRER & FLAUM, P.C.**
15 Mountain Boulevard
Warren, New Jersey 07059
(908) 757-7800
Attorneys for Elizabeth Board of Education