NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 22, 2021

Philip T. Taylor, Esq.
P. Taylor Legal, PLLC
111 Northfield Ave., Suite 208A
West Orange, NJ 07052
*Counsel for Defendant*

Richard P. Flaum, Esq.
Conor R. Wiggins, Esq.
DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, P.C.
15 Mountain Boulevard
Warren, NJ 07059
*Counsel for Plaintiff*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    **Re:**    Elizabeth City Bd. of Ed. v. M.G. on behalf of E.K.
            Civil Action No. 21-12891 (SDW) (AME)

Counsel:

    Before this Court is Defendant M.G., on behalf of the minor child E.K.'s ("Defendant")[1] partial Motion to Dismiss Plaintiff Elizabeth City Board of Education's ("Plaintiff" or "District") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Rule 78, for the reasons discussed below, **DENIES** Defendant's motion and remands this matter for clarification.

## BACKGROUND & PROCEDURAL HISTORY

    This Court assumes the parties' familiarity with the factual and procedural background of this matter and discusses only those facts necessary to reach its decision. E.K. is a sixteen-year-old transgender male with disabilities enrolled in the District at Thomas Jefferson Arts Academy. (D.E. 1 ¶ 1.) Dissatisfied with the District's proposed educational plan for E.K., Defendant filed

---

[1] Plaintiff's Complaint refers to the minor child as both E.K. as A.K. For purposes of this Opinion, the Court refers to the minor child as E.K.

a request for a due process hearing on October 10, 2019. (D.E. 1 ¶¶ 19-20.) The request, which was forwarded to the Office of Administrative Law ("OAL"), sought a "determination that E.K. is eligible for special education and related services, and that [the District] failed to offer E.K. [a Free Appropriate Public Education ("FAPE")]² for the 2017-2018, 2018-2019 and 2019-2020 school years." (D.E. 5-3 at 2.) Shortly thereafter, the District filed its own due process petition, and the two petitions were consolidated. (D.E. 1 ¶¶ 24-25; D.E. 5-3 at 2-3.) Administrative Law Judge Susana E. Guerrero ("ALJ Guerrero") held a hearing via Zoom on October 9, 16, 24 and December 7, 2020. (*Id.*)³ Post-hearing briefs were filed on April 22, 2021, and on June 7, 2021, ALJ Guerrero issued a written opinion in which she concluded that: 1) E.K. was eligible for special education and related services; 2) the District wrongfully "denied E.K. a FAPE when it denied him eligibility for special education and related services in March 2019, and that the denial of FAPE continued into the 2019-2020 school year;" and 3) the District did not provide E.K. with appropriate evaluations. (D.E. 5-3 at 32-33, 37). ALJ Guerrero then ordered that: 1) E.K. be classified as eligible for special education; 2) the District develop an IEP for the 2021-2022 school year; and 3) E.K. be placed in an out-of-district placement. (*Id.* at 37-38.) The decision denied "all other relief requested by the parent." (*Id.*)

On June 23, 2021, Plaintiff appealed to this Court, seeking reversal of ALJ Guerrero's decision and, *inter alia*, a determination that Plaintiff had offered a FAPE to E.K. from 2017 through 2021. (D.E. 1 ¶ 36.) Defendant subsequently moved for partial dismissal of Plaintiff's appeal as it relates to the 2020-2021 school year, arguing that "neither the Parent nor the District pled any FAPE claims relating to the 2020-2021 school year before the OAL" and therefore, this Court lacks subject matter jurisdiction over "any claims related to FAPE" for that period. (D.E. 5-1 at 1, 7.) All briefing was timely filed. (D.E. 7, 8.)

**DISCUSSION**

A.

Under the IDEA, "[o]nce a decision has been rendered at a due process hearing, administrative remedies are deemed exhausted, and a party has the right to appeal the due process hearing decision by bringing a civil action in any state or federal court." *D.A. ex rel. K.A. v. Pleasantville Sch. Dist.*, Civ. No. 07-4341, 2008 WL 2684239, at *3 (D.N.J. June 30, 2008); *see also* 20 U.S.C. § 1415(I)(1)(A)-(2)(A). Under the Act, "exhaustion is jurisdictional in nature." *D.A. ex rel. K.A.*, 2008 WL 268239 at *3. Therefore, a party seeking to challenge such an appeal for failure to exhaust administrative remedies may do so by moving to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law ...." *Id.* at 358. In contrast,

---

² The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, "obliges states in receipt of federal funding under the statute to guarantee a [FAPE] to all children with disabilities." *D.A. ex rel. K.A. v. Pleasantville Sch. Dist.*, Civ. No. 07-4341, 2008 WL 2684239, at *3 (D.N.J. June 30, 2008) (citing 20 U.S.C. § 1412(a)(1)(A)).

³ The hearing was initially scheduled for April 2020, but was adjourned twice due to the COVID-19 pandemic. (D.E. 5-3 at 2-3.)

2

a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case ... do not support the asserted jurisdiction." *Id*.

B.

In order to resolve Defendant's motion to dismiss, this Court must first determine whether ALJ Guerrero "considered the issue of FAPE in the 2020-2021 school year in her decision." (D.E. 7 at 3.)  After carefully reviewing ALJ Guerrero's decision and the underlying record, this Court cannot answer that question.  On the one hand, both of the parties' due process petitions were filed in 2019, the Prehearing Order indicated in relevant part that the issue to be resolved was limited to "whether the District provided FAPE for the 2017-2018, 2018-2019, and 2019-2020 school years," and Judge Guerrero's findings of fact focus on years prior to 2020, all of which suggest that her decision was not meant to include the 2020-2021 school year.  (*See* D.E. 5-3 at 3-20.)[4] However, the hearing took place during the 2020-2021 school year, witnesses testified as to E.K.'s academic experiences during the beginning of that term, and Defendant's post-hearing brief, filed on April 22, 2021, argued that E.K. was denied a FAPE from "April 2018 to the present." (D.E. 5-5 Ex. C at 85.)  Rather than guess as to ALJ Guerrero's intent, this Court will remand this matter for clarification as to the scope of her ruling.

**CONCLUSION**

Defendant's partial Motion to Dismiss is **DENIED** and this matter shall be remanded to the OAL for clarification as to whether ALJ Guerrero's ruling included the 2020-2021 school year. The case may proceed as to the 2017-2018, 2018-2019, and 2019-2020 school years. An appropriate order follows.

                                                                                                 ___/s/ Susan D. Wigenton_____
                                                                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.

---

[4] For example, although ALJ Guerrero devoted considerable time to a review of E.K.'s educational experience and academic performance, psychological and emotional well-being, and behavioral issues, as well as the District's responses to and evaluations of the same for the 2017-2018, 2018-2019, and 2019-2020 school years, as to the 2020-2021 term, she noted only that "the school year was fully remote due to the COVID-19 pandemic" and that, despite being offered virtual instruction, E.K. "did not attend any classes." (D.E. 5-3 at 3-20.)