NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | | |
|---|---|---|---|
| ELIZABETH CITY BOARD OF EDUCATION, | : : : | | |
| Plaintiff, | : : | Civ. Action No. 21-12891-SDW-AME | |
| v. | : : : | **OPINION AND ORDER** | |
| M.G. on behalf of E.K., | : : | | |
| Defendant. | : | | |

**ESPINOSA**, Magistrate Judge

Defendant M.G. ("Parent"), on behalf of her child ("E.K." or "Student"), brings this motion for leave to amend the Answer and Counterclaims pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. In the motion, Parent seeks to add E.K., who has now reached the age of majority, as a party. Parent and Student (collectively, "Defendants") also seek to amend and supplement their pleading "to add additional bases for administrative review and also to assert a claim for retaliation for ongoing retaliatory conduct by" Plaintiff Elizabeth City Board of Education ("Plaintiff" or the "District"). [D.E. 24-1 at 1]. Plaintiff opposes the motion as to proposed new allegations concerning the 2020-21 and 2021-22 school years and the proposed retaliation claim. [D.E 26]. The Court has considered the moving [D.E. 24], opposition [D.E. 26], and reply [D.E. 27] papers, and additional documents identified below from the underlying administrative record, and held oral argument on September 13, 2022. For the following reasons, the motion is granted in part and denied in part.

**I.   Background**

This Court assumes the parties' familiarity with the factual and procedural background of

this matter and discusses only those facts necessary to reach its decision. This dispute began in 2019, due to Parent's dissatisfaction with the District's educational plan for Student. Parent filed a request for a due process hearing in October 2019, and sought a determination that the District failed to offer a Free Appropriate Public Education ("FAPE") for Student in the 2017-2018, 2018-2019, and 2019-2020 school years. The parties had a hearing before the New Jersey Office of Administrative Law ("OAL") in a consolidated action entitled, *M.G. on behalf of E.K. v. Elizabeth City Board of Education*, OAL Dkt. Nos. EDS 15882-19 and EDS 15886-19 (The "OAL Action"). Administrative Law Judge Susana E. Guerrero ("the ALJ") issued a Final Decision in the OAL Action on June 7, 2021 (the "Final Decision"), in which she concluded that: 1) E.K. was eligible for special education and related services; 2) the District wrongfully "denied E.K. a FAPE when it denied him eligibility for special education and related services in March 2019, and that the denial of FAPE continued into the 2019-2020 school year;" and 3) the District did not provide E.K. with appropriate evaluations. [D.E. 5-3 at 32-33, 37]. The ALJ then ordered that: 1) E.K. be classified as eligible for special education; 2) the District develop an IEP for the 2021-2022 school year; and 3) E.K. be placed in an out-of-district placement. *Id*. at 37-38. The decision denied "all other relief" requested by Parent.

      The District and Parent both appealed the Final Decision to federal court and their appeals were consolidated into this action. On August 30, 2021, the District filed a Partial Motion to Dismiss Parent's claims concerning the provision of FAPE for the 2020-2021 school year. On November 22, 2021, the District Court issued a Letter Opinion and Order denying the Partial Motion to Dismiss, remanding to the OAL for clarification as to whether the scope of the Final Decision included the issue of FAPE for the 2020-2021 school year, and ordering that the case proceed as to the 2017-2018, 2018-2019, and 2019-2020 school years. [D.E. 9]. On

February 7, 2022, the OAL issued another Final Decision (the "Clarification Decision") in *M.G. on behalf of E.K. v. Elizabeth City Board of Education*, OAL Dkt. Nos. EDS 10175-21 and EDS 10176-21, clarifying that "the scope of the Final Decision does not include a determination as to whether a FAPE was offered or provided to E.K. by the District during the 2020-2021 school year." [D.E. 17-1].

In light of the Clarification Decision, the parties stipulated, and the District Court ordered, that the Court lacks subject-matter jurisdiction over claims concerning FAPE during the 2020-2021 school year. The District Court then dismissed Parent's claims concerning FAPE during the 2020-2021 school year under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq., Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 20 U.S.C. §794 and federal and state implementing regulations, including, 34 C.F.R. §104, et seq., and N.J.A.C. §6A:14-1 .1, et seq. [D.E. 19].

This Court entered a Pretrial Scheduling Order on June 9, 2022, that permitted the filing of motions to amend pleadings and add parties by June 24, 2022. [D.E. 23]. Defendants then filed this motion to amend on June 24, 2022. Defendants' proposed amendments include: allegations related to adding E.K. as a party and other minor edits (Am. Counterc. [D.E. 24-3] ¶¶ 1-36, 39-40, Counterclaims unnumbered introductory paragraph, 50, 70, 95, 144, 217, 255, 259-60, 264-65, 276, 286, 291-95, 300, Relief Requested subparagraph (b)); additional descriptions of Defendants (*id.* ¶¶ 44, 53-55); additional factual allegations concerning the 2018-19 school year (*id.* ¶¶ 174-76), the 2019-20 school year (*id.* ¶¶ 208-10), and the 2020-21 and 2021-22 school years (*id.* ¶¶ 225-54); additional allegations concerning the ALJ's Final Decision (*id.* ¶¶ 224, 258); allegations that the District improperly denied E.K. academic credits and requesting academic credits as additional relief (*id.* ¶¶ 274-75, 285-86, Relief Requested subparagraph (k));

3

and a claim for retaliation in violation of Section 504 and Title II of the Americans with Disabilities Act ("ADA") (*id.* ¶¶ 49-50, ¶¶ 287-290, Relief Requested subparagraph (g)).

**II.    Discussion and Analysis**

**A.  Motion to Amend Standard**

Pursuant to Rule 15(a), leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). A party should be given the opportunity to amend her claims unless there is "undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, [and/or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3rd Cir. 2000) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3rd Cir. 1997)). A finding of futility also requires a Fed. R. Civ. P. 12(b)(6) analysis for a failure to state claim. *In re Burlington*, 114 F.3d at 1434.

**B.  The IDEA and its Exhaustion Requirement**

The IDEA "ensures that children with disabilities receive needed special education services." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 157 (2017). The IDEA "establishes a detailed administrative mechanism for resolving disputes about whether an educational agency has complied with the IDEA." *T.R. v. Sch. Dist. of Philadelphia*, 4 F.4th 179, 184 (3d Cir. 2021) (citing 20 U.S.C. § 1415). The Act's "detailed statutory regime makes it 'clear...that Congress intended plaintiffs to complete the administrative process before resorting to federal court.'" *Id.* at 185 (citation omitted).  A party "bringing suit under the ADA, the Rehabilitation Act, or similar laws must in certain circumstances—that is, when seeking relief that is also available under the IDEA—first exhaust the IDEA's administrative procedures." *Fry*, 580 U.S. at 157

4

(2017) (quotations omitted). However, "exhaustion is not necessary when the gravamen of the … suit is something other than the denial of" a FAPE. *Id.* at 158.

A FAPE "comprises special education and related service—both instruction tailored to meet a child's unique needs and sufficient supportive services to permit the child to benefit from that instruction." *Id.* at 158 (quotations omitted). Under *Fry*, courts must "look to the substance, or gravamen, of the ... complaint" to determine if the claim is, in effect, seeking relief for denial of a FAPE. *Id.* at 165. "[T]hat examination should consider substance, not surface. The use (or non-use) of particular labels and terms is not what matters." *Id.* at 169.

Two questions guide the Court's inquiry: (1) "could the [party] have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school"; and (2) "could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance?" *Id.* at 171 (emphases in original). If the answer to both questions is no, the complaint "probably does concern a FAPE, even if it does not explicitly say so[.]" *Id.* In addition, "prior pursuit of the IDEA's administrative remedies will often provide strong evidence that the substance of a plaintiff's claim concerns the denial of a FAPE[.]" *Id.* The Supreme Court in *Fry* posited several hypotheticals to illustrate the application of this test. One example involved a teacher who slapped a student with a disability. *Id.* at 172 n.9. The Supreme Court reasoned that in such a case, "though the suit could be said to relate, in both genesis and effect, to the child's education" in reality "the substance of the plaintiff's claim is unlikely to involve the adequacy of special education—and thus is unlikely to require exhaustion." *Id.* On the other hand, a student with a learning disability suing a school for failing to provide a remedial math tutoring would be required to exhaust administrative remedies under IDEA, as the "essence" of such a claim is the provision of a FAPE. *Id.* at 172-73.

5

### C. Analysis of Defendants' Proposed Amendments

Here, the District characterizes Defendants' proposed amendments at D.E. 24-3, ¶¶ 230-254 as "claims surrounding the IEP for the 2021-2022 school year when E.K. was at an out-of-district placement," which it contends is "essentially a denial of FAPE claim for the 2021-2022 school year." [D.E. 26 at 1]. Defendants disagree and argue that these allegations are not FAPE claims, but rather "concern[] the District's refusal to implement the Final Decision and Parent's effort to have it enforced." [D.E. 27 at 3]. The Court has reviewed these allegations, as well as allegations concerning the 2020-21 school year at D.E. 24-3, ¶¶ 224-229. The proposed allegations concerning the 2020-21 school year relate to Parent's dissatisfaction with the District's provision of only virtual instruction to E.K. during that school year. The proposed allegations concerning the 2021-22 school year relate to Parent's dissatisfaction with E.K. attending the Calais school instead of Collier, and dissatisfaction with E.K. being considered in tenth grade, as opposed to eleventh. Applying *Fry*, the Court finds that the gravamen of these allegations is the provision of FAPE and are subject to exhaustion. First, the allegations are unique to the school setting. Second, a non-student could not have brought similar grievances because they concern E.K.'s education.

Defendants argue that they need not establish exhaustion for these allegations concerning 2020-21 and 2021-22 because, under *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 276 (3d Cir. 2014), they are "seeking to enforce a favorable decision from an administrative due process hearing" and "need not exhaust administrative remedies before filing suit in a court of law." [D.E. 27 at 1]. However, the Court finds that this exception does not apply here because the ALJ made no rulings concerning the provision

6

of FAPE for the 2020-21 and 2021-22 school years and, therefore, these allegations are not seeking to enforce the ALJ's decision.

The District argues that Defendants' proposed retaliation claim is also subject to exhaustion because it concerns the provision of FAPE. [D.E. 26 at 4-7]. In the retaliation claim, Defendants allege that the District retaliated against them by bringing truancy proceedings (which caused an investigation by the New Jersey Division of Child Protection and Permanency), denying Student's request to attend art class at a certain school, denying a home instructor in 2020-21, failing to disclose documents concerning the Student's need for special education, refusing to issue Student authorization to work, seeking to have Student withdrawn from the District to pursue a GED, and denying Student's request to transfer to Collier. [D.E. 24-3, ¶ 289(a)-(h)]. The Court finds that these allegations concern the provision of FAPE.

Retaliation claims related to the provision of FAPE must be exhausted. *Batchelor v. Rose Tree Media Sch. Dist.*, 759 F.3d 266, 273-74 (3d Cir. 2014) ("Appellants' retaliation claims are related to the provision of FAPE under 20 U.S.C. § 1415(b)(6) and, as such, must be exhausted."). To exhaust a retaliation claim related to the provision of FAPE, a party must "raise the *allegations* related to her Section 504 claim in an IDEA complaint submitted to an IDEA hearing officer." *Northfield City Bd. of Educ. v. K.S.*, No. 19-9582, 2020 U.S. Dist. LEXIS 97184, at *38 (D.N.J. June 3, 2020) (emphasis in original), *aff'd by Northfield City Bd. of Educ. v. K.S.*, 2021 U.S. App. LEXIS 9206 (3d Cir. Mar. 30, 2021).

The parties agree that the issues alleged in D.E. 24-3, ¶ 289(a)-(g) were raised before the ALJ, and Defendants argue that exhaustion has been satisfied. [D.E. 26 at 7;

D.E. 27 at 4-6]. But Parent did not allege in the underlying due process petition that the District took any of these actions as retaliation [D.E. 29-3] and, therefore, the ALJ did not consider any allegations concerning retaliation. And the District's alleged denial of Student's request to transfer to Collier during the 2021-22 school year also was not included in Parent's due process petition [D.E. 29-3] and was not before the ALJ. Therefore, Defendants have failed to demonstrate that they have exhausted their proposed retaliation claim. *Northfield City Bd. of Educ.*, 2020 U.S. Dist. LEXIS 97184, at *38 ("Because the exhaustion inquiry hinges on the contents of the due process complaint, … [parent] has not exhausted her Section 504 claim, and thus the Court lacks subject-matter jurisdiction to consider it"). Accordingly, the motion to amend is denied as to the allegations concerning the 2020-21 and 2021-22 school years and the retaliation claim (set forth in D.E. 24-3, ¶¶ 49-50, 225-54, 287-290, and Relief Requested subparagraph (g)).

Finally, the District did not oppose Defendants' motion with respect to their remaining proposed amendments and did not oppose the request to add E.K. as a party. Thus, the Court finds good cause to permit these amendments.

### III.    Conclusion and Order

For the foregoing reasons, Defendants' motion for leave to amend is granted in part and denied in part. Accordingly,

**IT IS** on this 17thday of October 2022,

**ORDERED** that Defendants' motion for leave to file an amended pleading [D.E. 24] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the motion to amend is denied as to the amendments proposed in D.E. 24-3, ¶¶ 49-50, 225-54, 287-290, and Relief Requested subparagraph (g), as set forth in the Court's Opinion; and it is further

**ORDERED** that the motion to amend is granted as to Defendants' remaining proposed amendments; and it is further

**ORDERED** that within 7 days of the entry of this Order, the parties shall file a proposed Order adding E.K. as a party and amending the case caption; and it is further

**ORDERED** that within 14 days of the entry of this Order, Defendants shall file an amended answer and counterclaims consistent with this Opinion and Order. The District shall then file its response to the amended counterclaims within 30 days of their filing; and it is further

**ORDERED** that the Court will hold a status conference on December 12, 2022, at 2:00 p.m. To join the conference, dial 866-434-5269 and enter access code 1874589#.

       /s/ *André M. Espinosa*
       ANDRÉ M. ESPINOSA
       United States Magistrate Judge