<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 22, 2023

Philip T. Taylor, Esq.
P. Taylor Legal, PLLC
111 Northfield Avenue
Suite 208A
West Orange, NJ 07052
*Counsel for Defendants*

Richard P. Flaum, Esq.
DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum
15 Mountain Boulevard
Warren, NJ 07059
*Counsel for Plaintiff*

### **<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

**Re:   Elizabeth City Board of Education v. M.G. on behalf of E.K., et al.
           Civil Action No. 21-12891 (SDW) (AME)**

Counsel:

Before this Court is Defendants'[1] appeal[2] of an October 17, 2022 Opinion and Order, (D.E. 31), issued by the Honorable André M. Espinosa, U.S.M.J. ("October 17th Decision"), which granted in part and denied in part Defendants' Motion to Amend the Answer and Counterclaims pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion.

---

[1] Defendant M.G. brings this Motion on behalf of her child, E.K. This Court refers to M.G. and E.K. collectively as "Defendants."

[2] The submission heading for D.E. 35 styled this Motion a "Motion for Reconsideration," but it is an appeal. The parties appropriately titled the motion an appeal in briefing, and it will be referred to as such throughout this Opinion.

**DISCUSSION**

    A. <u>Standard of Review</u>

    Local Civil Rule 72.1(c)(1)(A) provides that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order . . . ." "The legal standard of review applicable to a determination made by a Magistrate Judge depends upon whether the issue to be addressed is dispositive or non-dispositive of the case." *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 67 (D.N.J. 2000). "If a [M]agistrate [J]udge directly rules on a non-dispositive pretrial matter and issues an order, a United States District Court Judge may reconsider the order only where it has been shown that the [M]agistrate [J]udge's order is 'clearly erroneous or contrary to law.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(A) (1999)). Furthermore, "[a] [M]agistrate [J]udge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, 'is left with the definite and firm conviction that a mistake has been committed.'" *Richardson v. Allied Interstate, Inc.*, No. 09–2265, 2010 WL 3404978, at *3 (D.N.J. Aug. 26. 2010) (quoting *Dome Petroleum Ltd. v. Emp.'s Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J.1990)); *see also* L. Civ. R. 72.1(c)(1)(A) (providing that when considering an appeal of a Magistrate Judge's order, a District Court Judge must "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law"). The appealing party bears "[t]he burden of demonstrating clear error." *U.S. v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 315 (D.N.J. 2009) (citing *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J.2008)).

    B. <u>The October 17th Decision Is Not Clearly Erroneous or Contrary to Law</u>

    The October 17th Decision identified and applied the proper legal standards for a motion to amend—a non-dispositive motion—pursuant to Rule 15(a),[3] and appropriately considered Defendants' proposed amendments. (*See generally* D.E. 31.) The Court found (1) that the gravamen of the proposed amendments concerning the 2020-21 and 2021-22 school years were denials of Free Appropriate Public Education ("FAPE") claims, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., and (2) that the proposed retaliation amendment also concerned a FAPE provision. (*See id.* at 6–8 (citing *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 157 (2017)).) Analyzing the amendments according to the inquiry set forth in *Fry*, Judge Espinosa determined that because the allegations "are unique to the school setting" and "a non-student could not have brought similar grievances," and because an administrative court did not previously rule on the claims at issue, the allegations concern FAPE and are subject to administrative exhaustion. (*Id.* at 6–7 (citing *Fry*, 580 U.S. at 157; *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 276 (3d Cir. 2014)).) Further, the retaliation allegations, which "concern the provision of FAPE," were broached at the administrative proceeding, but were not presented as retaliation claims; thus, the retaliation allegations are subject to exhaustion, as well. (*Id.* at 7.) The IDEA requires claimants to exhaust administrative remedies before going to federal

---

[3] Rule 15(a) provides that "leave to amend should be freely given when justice requires." (*Id.* (citing Fed. R. Civ. P. 15(a)(2)).

court, except when a claim relates to something other than FAPE.  (*See Id.* at 4–5 (citing *T.R. v. Sch. Dist. of Phila.*, 4 F.4th 179, 184 (3d Cir. 2021); *Fry*, 580 U.S. at 157).)

While Defendants assert that no administrative exhaustion is required for the supplemental allegations because Defendants only seek to enforce an administrative decision, and further the retaliation claims do not seek relief for FAPE, these arguments are unable to withstand scrutiny.  Prior to Defendants' Motion to Amend, the Administrative Law Judge, the Honorable Susana E. Guerrero, filed a Final Decision ("Final Decision") clarifying that the decision did not address the issue of FAPE for the 2020-21 or 2021-22 school years.  (*See* D.E. 17-1 at 1–5.)  Judge Espinosa took that decision into account when performing the *Fry* inquiry, which revealed that the allegations at issue indubitably relate to the provision of FAPE, and were not previously decided in an administrative proceeding, and thus are subject to administrative exhaustion.

In accordance with Rule 15(a), Judge Espinosa denied Defendants' motion to amend the allegations concerning provisions pertaining to the 2020-21 and 2021-22 school years and the retaliation claim because the amendments are subject to exhaustion in the administrative process, thus this Court lacks subject-matter jurisdiction to consider those specific allegations.  (*See id.* at 4–8.)  The Court granted permission to amend certain other provisions that were not contested by Plaintiff.  (*Id.* at 7–8.)

Judge Espinosa's decision thoughtfully considered the nuances pertaining to the proposed amendments and comported with the law.  This Court, therefore, finds that Judge Espinosa's decision to deny the amendments was appropriate.  *See Richardson v. Allied Interstate, Inc.*, No. 09–2265, 2010 WL 3404978, at *3 (D.N.J. Aug. 26. 2010) (quoting *Dome Petroleum Ltd. v. Emp.'s Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J.1990)).  Consequently, this Court discerns no clear error and denies Defendants' appeal.

## **CONCLUSION**

For the reasons set forth above, Defendants' appeal of Judge Espinosa's October 17, 2022 Opinion and Order is **DENIED**.  An appropriate order follows.

                                                       /s/ Susan D. Wigenton  
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:      Parties  
          André M. Espinosa, U.S.M.J.